IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

FILED

FEB - 1 2016

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

| | |
|---|---|
| N. D. D., BY AND THROUGH CHRISTINA KAY CROWE, HIS PARENT AND LEGAL GUARDIAN, | ) ) ) |
| Plaintiff, | ) Civil Action No: 16-C-1 ) |
| vs. | ) ) Judge:  J. D. Beane |
| E. I. DUPONT DE NEMOURS AND COMPANY, | ) ) ) |
| Defendant. | ) ) |

## NOTICE OF FILING NOTICE OF REMOVAL

Defendant E. I. du Pont de Nemours and Company ("DuPont") respectfully notifies and advises the Court that it has removed this case to the United States District Court for the Southern District of West Virginia.  A copy of the Notice of Removal is attached.

Respectfully submitted,

David B. Thomas (WVSB #3731)
Susan M. Robinson (WVSB #5169)
Aaron N. Arthur (WVSB #12447)
THOMAS COMBS & SPANN, PLLC
P.O. Box 3824
Charleston, WV 25338-3824
(304) 414-1807 (Phone)
(304) 414-1801 (Fax)

Attorneys for Defendant E. I. du Pont
de Nemours and Company

FILED IN OFFICE

JAN 2 7 2016

CAROLE JONES
CLERK CIRCUIT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| N. D. D., BY AND THROUGH CHRISTINA KAY CROWE, HIS PARENT AND LEGAL GUARDIAN, ) | |
| Plaintiff, ) | Civil Action No: 2:16-cv-00642 |
| vs. ) | Judge: _____ |
| E. I. DUPONT DE NEMOURS AND COMPANY, ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant E. I. du Pont de Nemours and Company ("DuPont"), by its undersigned counsel, removes this action from the Circuit Court of Wood County, West Virginia, to the United States District Court for the Southern District of West Virginia. The grounds for removal are as follows:

1.    On or about January 4, 2016, Plaintiff N. D. D. ("Plaintiff") filed this action in the Wood County, West Virginia Circuit Court captioned *N. D. D., by and through Christina Kay Crowe, his parent and legal guardian v. E. I. du Pont de Nemours and Company*, Case No. 16-C-1. Plaintiff has asserted various claims against DuPont, including negligence and punitive damages claims, all allegedly relating to and arising out of the operation of DuPont's Washington Works plant, a manufacturing facility located in Wood County, West Virginia. Plaintiff seeks to recover both compensatory and punitive damages.

2.      DuPont was served with a copy of the summons and complaint in this action on or about January 13, 2016.

3.      Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of the Summons and Complaint that DuPont received are collectively attached hereto.

4.      Pursuant to Southern District of West Virginia Local Rule of Civil Procedure 3.4(b), a true and accurate copy of the Wood County Circuit docket sheet is attached hereto.

5.      Because the Notice of Removal is being filed within thirty (30) days of service of the Complaint, removal is timely under 28 U.S.C. § 1446(b).

6.      The Wood County Circuit Court is the court in which this action was originally filed and is located within the jurisdiction of the United States District Court for the Southern District of West Virginia.  Venue is therefore proper in this District under 28 U.S.C. § 1441(a) because this District embraces the place in which the removed action has been pending.

7.      Upon the filing of this Notice of Removal, pursuant to 28 U.S.C. § 1446(d), DuPont will promptly file a copy of this Notice of Removal with the Wood County Circuit Court, West Virginia.

8.      For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), a corporation is deemed to be a citizen of its state of incorporation and of the state where it maintains its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  DuPont is a Delaware corporation with its principal place of business in Wilmington, Delaware, where it maintains its corporate offices.

9.      On information and belief, and as evidenced on the face of the Complaint, Plaintiff is not a citizen and/or resident of Delaware.

10.     For purposes of the amount in controversy requirement, where the amount sought is unspecified in the complaint, the defendant merely needs to show that the amount in controversy "more likely than not" exceeds $75,000.  *See Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 583 (S.D. W. Va. 1999); *Gascho v. Global Fitness Holdings, LLC*, 2011 U.S. Dist. LEXIS 154430, at *13 (S.D. Ohio Nov. 14, 2011).

11.     Although the *ad damnum* clause of Plaintiff's Complaint does not seek a specific amount of damages, a reasonable interpretation of the pleadings is that the amount of damages sought and thus the amount in controversy between Plaintiff and DuPont, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand and No/100 ($75,000.00) Dollars, of which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff claims, among other things, that Plaintiff's alleged exposure to substances purportedly released by DuPont has caused Plaintiff's physical injury and Plaintiff's request for punitive damages should also be included in determining the jurisdictional amount.  *See White v. J. C. Penney Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D. W. Va. 1994) ("If relevant state law permits punitive damages on the facts alleged, such punitive damages are part of the amount in controversy for jurisdictional amount purposes.").

12.     Thus, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between Plaintiff

and DuPont; and (2) on the face of the Complaint, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

13.      For the foregoing reasons, and pursuant to 28 U.S.C. § 1446, Defendant DuPont hereby removes the above-referenced case from the Wood County Circuit, West Virginia to the United States District Court for the Southern District of West Virginia. If any question arises as to the propriety of the removal of this action, DuPont respectfully requests the opportunity to fully brief the legal issues through supporting memoranda, and to be heard in oral argument, in support of its position that the case is removable based upon diversity of citizenship.

14.      Pursuant to Fed. R. Civ. P. 38(b), Defendant DuPont hereby demands trial by jury in the above-captioned matter for all issues so triable.

Respectfully submitted,

/s W. Michael Hanna
W. Michael Hanna (WVSB No. 1582)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114
mike.hanna@squirepb.com
(216) 479-8500 (Phone)
(216) 479-8780 (Fax)

*Attorneys for Defendant E. I. du Pont de Nemours and Company*

Dated:  1/21/2016

## CERTIFICATE OF SERVICE

I hereby certify that on 1/21/2016, an electronic copy of the foregoing was filed with the Clerk of Court and served via the CM/ECF filing system by agreement of the Parties on the following:

Ethan Vessels
**Fields, Dehmlow & Vessels, LLC**
309 Second Street
Marietta, OH 45750
*Attorney for Plaintiff*

/s W. Michael Hanna
Attorney for DuPont

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Notice of Filing Notice of Removal was served this 25th day of January, 2016, via Electronic Mail, on the following:

Ethan Vessels
FIELDS, DEHMLOW & VESSELS, LLC
309 Second Street
Marietta, OH  45750
ethan@fieldsdehmlow.com

*Attorney for Plaintiffs*

David B. Thomas (WVSB #3731)
Susan M. Robinson (WVSB #5169)
Aaron N. Arthur (WVSB #12447)
THOMAS COMBS & SPANN, PLLC
P.O. Box 3824
Charleston, WV 25338-3824
(304) 414-1807 (Phone)
(304) 414-1801 (Fax)

Attorneys for Defendant E. I. du Pont
de Nemours and Company

IN THE CIRCUIT COUR~~T~~

**Nikolas David Depriest, by and Through Christina Kay Crowe, his Parent and natural guardian**

Plaintiff

VS:

**E.I. Du Pont De Nemours & Company**

Defendant(s)

**CERTIFIED MAIL RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

1-4-16

Postmark Here

16-C-1

Sent To
E.I. DuPont De Nemours & Co.
Street & Apt. No., or PO Box No.  1007 N. Market St
City, State, ZIP+4  Wilmington DE 19898

7014 2120 0001 2987 4475

PS Form 3800, July 2014    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

16-C-1
E.I. DuPont De Nemours & Co.
1007 North Market St.
Wilmington DE 19898

RETURNED
JAN 1 5 2016

9590 9403 0534 5173 9009 27

2. Article Number (Transfer from service label)
7L   2120 0001 2987 4475

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

...~~h~~ereby summoned and ...~~addr~~ess is **Fields Dehmlow & ...~~Mariet~~ta, Ohio 45750,** an answer ...~~f~~iled against you in the above ... You are required to serve ...~~day~~s exclusive of the day of ...~~t~~ you for the relief ...~~a~~sserting in another action any ...~~a~~bove styled civil action.

Dated: January 4, 2016

_____
Clerk Circuit Court

By: _____
Deputy

**IN THE CIRCUIT COURT**
**OF THE FOURTH JUDICIAL CIRCUIT**
**WOOD COUNTY, WEST VIRGINIA**

**NIKOLAS DAVID DEPRIEST, by and** )   CASE NO.: ___*16-C-1*___
**through Christina Kay Crowe, his** )
**parent and natural guardian** )   JUDGE: _____
78525 Beach Drive )
Panama City Beach, FL 32408 )   **COMPLAINT FOR MONEY**
 )
     Plaintiff, )   **(JURY DEMAND ENDORSED**
v. )   **HEREON)**
 )
**E.I. DUPONT DE NEMOURS &** )
**COMPANY,** )
1007 North Market Street )
Wilmington, DE 19898 )
 )
     Defendant. )

**COMPLAINT**

Now comes the Plaintiff, Nikolas David DePriest, by and through Christina Kay Crowe, his parent and natural guardian, by and through counsel, and for his Complaint against the Defendant, states as follows:

**NATURE OF ACTION**

1.  This is a civil action for compensatory and punitive damages and costs incurred and to be incurred by the Plaintiff for bodily injury arising from the intentional, knowing, reckless, and negligent acts and omissions of the Defendant in connection with the contamination of human drinking water supplies used by the Plaintiff.

**JURISIDICTION AND VENUE**

2.  Venue is proper in Wood County, WV, because, *inter alia,* at all times material, Plaintiff resided in, worked in and/or frequented Wood County, WV and/or all or part of Plaintiff's claim for relief arose in Wood County, West Virginia.

3.  DuPont is a Delaware Corporation authorized to conduct business in the State of Ohio

FILED IN OFFICE

JAN - 4 2016

CAROLE JONES
CLERK CIRCUIT COURT

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

and has a principal place of business at 1007 Market Street, Wilmington, Delaware 19898.

4.   This Court has jurisdiction over DuPont because DuPont owns and operates facilities in West Virginia, transacts business in West Virginia, and contracts to sell its goods in West Virginia.   Additionally, DuPont's acts and/or omissions, as described herein, have caused tortious injury to Plaintiff in West Virginia. Further, DuPont regularly does or solicits business in West Virginia, has persistently through its acts and/or omissions caused contamination of human water supply in West Virginia, derives substantial revenue from goods used or consumed in West Virginia, and has continuous and systematic contacts with West Virginia.

5.   Venue is proper because DuPont has conducted activity in Wood County, West Virginia, that gives rise to this claim for relief.

## <u>GENERAL ALLEGATIONS</u>

6.   The Plaintiff realleges and reavers the allegations set forth in paragraph 1 through 5 of his Complaint, as if fully rewritten herein.

7.   DuPont owns and operates a manufacturing facility in Wood County, West Virginia known as the "Washington Works Plant", and has been the owner and operator at all times relevant to this Complaint.

8.   In connection with its manufacturing operations at its Washington Works Plant, DuPont has used hazardous, toxic and/or carcinogenic wastes, substances, pollutants and/or contaminants, including ammonium perfluorooctanoate (a/k/a C-8/FC-143/APFO/DFS-2/PFOA) (hereinafter "C-8"), (collectively the "Materials") since the early 1950s.

9.   During the course of its operations at its Washington Works Plant, DuPont has negligently, recklessly, knowingly, carelessly, wrongfully and/or intentionally allowed, caused, and/or otherwise permitted and is continuing to so allow, cause and otherwise permit releases of

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

2

Materials from the Washington Works Plant into those waters that are and have been used for human drinking water purposes (the "Releases).

10. C-8 is a bioretentive substance.

11. C-8 is a bioaccumulative substance.

12. C-8 is a biopersistent substance.

13. C-8 is an animal carcinogen.

14. C-8 is a proven hazardous substance.

15. DuPont negligently, recklessly, carelessly, wrongfully, and/or intentionally failed to disclose to those individuals who used water impacted by the Releases that the levels of C-8 detected in the water exceeded DuPont's own internal "community exposure guideline" (CEG) of 1 part per billion (1 ppb) for C-8 in drinking water.

16. By at least May of 2000, DuPont had learned that the manufacturer of the C-8 used by DuPont at its Washington Works Plant, the Minnesota Mining and Manufacturing Company ("3M"), had decided to stop manufacturing and selling C-8, based upon concerns associated with the bio-persistence and relative toxicity of C-8 and threat that the US EPA would ban the material.

17. By at least 2001, DuPont had learned that C-8 had been detected in private water wells hydraulically down-gradient from one or more of the locations where DuPont had dumped C-8 into the ground.

18. Despite knowledge of the same bio-persistence and toxicity concerns known to 3M relating to the use of C-8 and its release into the environment and the fact that C-8 was getting into public and private drinking water supplies, DuPont began direct manufacture of its own C-8 at the Washington Works plant.

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

19.  DuPont knew for several years that the level of C-8 discharged from its Washington Works Plant was contributing to the levels of C-8 present in human water supplies.

20.  It was not until the Spring of 2001, after the West Virginia Division for Environmental Protection ("WVDEP") first asked DuPont to begin monitoring and reporting to WVDEP the levels of C-8 discharged from DuPont's Washington Works plant into the Ohio River, that DuPont installed a carbon absorption treatment system at its Washington Works plant to attempt to begin reducing the levels of C-8 discharged directly from the Washington Works Plant into the Ohio River.

21.  At all times relevant hereto, DuPont polluted the public water supply system that supplies potable water to WVA residents, including the Plaintiff.

22.  In a March 2009 U.S. EPA safe drinking Safe Drinking Water Act Consent Order with DuPont, the U.S. EPA determined that C-8 and its salts may present an "imminent and substantial endangerment to human health" in drinking water polluted by DuPont and consumed by Plaintiff.

23.  In an effort to account for chronic lifetime exposure, independent scientists at the New Jersey Department of Environmental Protection identified a C-8 drinking water guidance value of 0.04 ppb, an order of magnitude ten times lower than the level set forth in the March 2009 Safe Drinking Water Act consent order.

24.  C-8 is a toxic air contaminant.

25.  The U.S. EPA has found that C-8 can remain in the human body for years and that drinking water contaminated with C-8 can produce concentrations of C-8 in the blood serum that are higher than the concentrations present in the water itself.

26.  Individuals whose residential water is supplied by water polluted by DuPont have

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

4

some of the highest non-worker C-8 blood levels of any reported in the United States and Canada- ranging from approximately 112 ppb to, at least, 1950 ppb.

27.  The average level of C-8 in the blood of people in the United States is 4-5 ppb.

28.  Given the high level of C-8 in the blood of DuPont-polluted water users along with the bio-persistent nature of C-8 in environmental media and humans, continued C-8 exposure presented a great threat to such water users.

29.  Sampling results for DuPont-polluted individual production wells have shown levels of C-8 as high as 18.6 ppb. Samples from test wells have shown levels of C-8 as high as 29.1 ppb, samples from test borings have shown levels of C-8 as high as 78 ppb, and soil samples from the wellfields have shown levels of C-8 over 100 ppb.

30.  In a 2003 C-8-related West Virginia class action lawsuit ("class action") against DuPont:

    a)    DuPont represented to the court that there is no way for DuPont to prevent its C-8 emissions from getting into the class members' drinking water;

    b)    DuPont represented to the court that there are no alternatives to using C-8 in any of the Washington Works Plant's manufacturing operations; and

    c)    the court found that DuPont continues to actively and intentionally release C-8 from the Washington Works Plant into the air and water.

31.  Part of the class action settlement created a Science Panel to conduct research into whether there is a probable link that exists between C-8 and human disease.

32.  On April 15, 2012 the Science Panel concluded that there is a probable link between exposure to C-8 and kidney cancer.

33.  The Science Panel has also found a probable link between exposure to C-8 and testicular cancer, ulcerative colitis, thyroid disease, and pregnancy-induced hypertension to date.

34.  Plaintiff was exposed to C-8 due to the defendant's conduct.

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

5

35.   As a direct and approximate result of the defendant's conduct, Plaintiff sustained injury and damages.

36.   The Releases have made and/or continue to make Plaintiff physically ill and otherwise physically harmed, and/or have caused and continue to cause associated emotional and mental stress, anxiety, and fear of current and future illnesses, including but not limited to, fear of significant risk of cancer and other diseases and illnesses.

## COUNT ONE
## NEGLIGENCE, CONCEALMENT AND FRAUD

37.   The Plaintiff realleges and reavers the allegations set forth in paragraph 1 through 36 of his Complaint, as if fully rewritten herein.

38.   In connection with its operation of the Washington Works Plant, DuPont has had and continues to have a duty to operate and manage the Washington Works Plant in such a way as to not create a nuisance or condition causing any injury or damage to human health or the environment.

39.   DuPont breached its duty of care by negligently operating and managing the Washington Works Plant and conducting other operations and activities at the Washington Works Plant in such a manner as to negligently cause, permit, and allow the Releases.

40.   The Defendant's negligent acts and omissions proximately caused and continue to cause damages and bodily injury to Plaintiff.

41.   The Defendant knowingly, intentionally, recklessly and/or negligently failed and/or refused to advise the Plaintiff of the danger to his health and property posed by the Releases.

42.   At all times relevant herein, DuPont had and continues to have a duty to, *inter alia*:

a)   Take adequate and timely precautions to prevent the Materials from being released and contaminating the environment, including the soil, surface water, sediments, biota, groundwater, and human drinking water;

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

6

b)   To remove the Materials from the soil, surface water, sediments, biota, groundwater, and human drinking water;

c)   To adequately warn federal, state, and local authorities, potentially affected members of the public, and purveyors of public water; and

d)   To handle, treat, store and/or dispose of the Materials in such a manner so as to not create a nuisance or a condition causing imminent and substantial danger to human health and/or the environment.

43.   Defendant knowingly, intentionally, recklessly and/or negligently withheld information from the Plaintiff, who had a right to know of information which would have prevented Plaintiff from being exposed to the Materials.

44.   Plaintiff did not have sufficient information to determine the safety of the drinking water impacted by the Releases and, therefore, relied upon the superior knowledge of the Defendant in deciding to ingest the drinking water, and as result of his reliance on the Defendant's false and misleading affirmative misrepresentations and intentional omissions and hiding of relevant, significant and material facts and information, Plaintiff was misled into believing that the drinking water was safe and effective for human consumption.

45.   Defendants withheld information which they had in their possession concerning research, testing, lack of research and testing, studies of humans and animals who had been exposed to the Materials that demonstrated that the Materials cause damage to humans and animals, as well as information that medically, legally, scientifically and ethically the Plaintiff had a right to know before ingesting the drinking water and which Defendants had a duty under Ohio law to disclose.

46.   As a proximate result of the aforesaid acts and omissions by the Defendant and acting for and on their own behalf and as agents, ostensible agents, employees, conspirators and joint venturers of others, contaminated drinking water was placed in the stream of commerce,

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

7

distributed and sold to customers in Ohio and ingested by the Plaintiff, and the Plaintiff was injured as herein alleged.

47.   The aforesaid acts and omissions of Defendant, acting in the manner as alleged herein, were negligent and as a proximate result the Plaintiff has suffered and will suffer the following damages:

a) Expenses reasonably necessary for the monitoring of illnesses or other diseases associated with the ingestion of the Materials;

b) Medical and hospital bills for past treatment and diagnostic measures;

c) Medical and hospital bills for future treatment, diagnostic and preventative treatment, and treatment of injuries;

d) Physical injury, both temporary and permanent;

e) Severe and significant emotional distress and mental pain and suffering;

f) Humiliation, embarrassment and fear;

g) Loss of enjoyment of life;

h) Annoyance and inconvenience; and

i) Other damages, which, under the law and circumstances, Plaintiff is entitled to recover, including attorneys' fees and costs associated with the prosecution of this action.

## COUNT TWO
## NEGLIGENCE PER SE

48.   The Plaintiff realleges and reavers the allegations set forth in paragraph 1 through 47 of his Complaint, as if fully rewritten herein.

49.   By its acts and omissions resulting in the Releases, the Defendant violated and continues to violate one or more applicable Ohio statutes, including but not limited to R.C. 6111 *et seq.*, constituting negligence per se.

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

8

50. The Defendant's violation of law proximately caused and continues to proximately cause damage to Plaintiff in the form of bodily injury for which Defendant is liable.

## COUNT THREE
## ABNORMALLY DANGEROUS OR ULTRAHAZARDOUS ACTIVITY

51. The Plaintiff realleges and reavers the allegations set forth in paragraph 1 through 50 of his Complaint, as if fully rewritten herein.

52. Plaintiff has been exposed to the Releases from the Washington Works Plant as a proximate result of DuPont's acts and omissions.

53. The use, disposal, storage, generation and release of the Materials are abnormally dangerous or ultrahazardous activities in which DuPont is and has been engaged.

54. By reason of carrying on such activities which proximately and foreseeably caused the contamination of Plaintiff's water supply and the surrounding environment, DuPont is strictly liable to Plaintiff even if it exercised the utmost care to prevent harm, which DuPont nonetheless failed to do. This liability arises pursuant to applicable state common law.

55. DuPont directly and proximately caused injury and bodily harm to Plaintiff described herein.

## COUNT FOUR
## PAST AND CONTINUING TRESPASS AND BATTERY

56. The Plaintiff realleges and reavers the allegations set forth in paragraph 1 through 55 of his Complaint, as if fully rewritten herein.

57. The Defendant's acts and omissions resulting in the Releases have resulted and continue to result in the release and threatened release of Materials at, under, onto, and into Plaintiff's body and property.

58. The Materials present in Plaintiff's body originating from the Washington Works

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

Plant were at all relevant times hereto, and continue to be, the property of Defendant.

59. The invasion and presence of the Materials at, under, onto, and into Plaintiff's body and property was and continues to be without permission of authority from Plaintiff.

60. The presence and continuing presence of the Material at, under, onto, and into Plaintiff's body and property constitutes a continuing trespass and battery.

61. The Defendant's past and continuing trespass and battery upon Plaintiff's body and property proximately caused and will continue to proximately cause damage to Plaintiff in the form of bodily injury and property damage, for which the Defendant is liable.

## COUNT FIVE
## PUNITIVE DAMAGES

62. The Plaintiff realleges and reavers the allegations set forth in paragraph 1 through 61 of his Complaint, as if fully rewritten herein.

63. The Defendant's acts and omissions as described above were conducted with such intentional, malicious, wanton, willful, and reckless indifference to Plaintiff's rights and flagrant disregard for the safety and property of the Plaintiff that the Defendant is liable for punitive damages.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

1. On Count One of the Plaintiff's Complaint, compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00);

2. On Count Two of the Plaintiff's Complaint, compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00);

3. On Count Three of the Plaintiff's Complaint, compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00);

4. On Count Four of the Plaintiff's Complaint, compensatory damages in an amount in

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

10

excess of twenty-five thousand dollars ($25,000.00);

    5.  On Count Five of the Plaintiff's Complaint, compensatory and punitive damages in an amount in excess of twenty-five thousand dollars ($25,000.00); and,

    6.  On all counts of the Complaint, interest, costs, attorneys' fees and any further relief that this Court deems the Plaintiff entitled.

Respectfully submitted,

By: _____

**ETHAN VESSELS (WV Bar # 9543)**
**FIELDS, DEHMLOW & VESSELS**
A Limited Liability Company
309 Second Street
Marietta, OH 45750
Phone:     (740) 374-5346
Facsimile:  (740) 374-5349
E-mail:    ethan@fieldsdehmlow.com

*Attorneys for Plaintiff* Nikolas David DePriest,
by and through Christina Kay Crowe, his parent and
natural guardian

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

## JURY DEMAND

Pursuant to West Virginia Rule of Civil Procedure 38(B), Plaintiff hereby demands a trial by jury on all issues herein.

Respectfully submitted,

By: _____

**ETHAN VESSELS (WV Bar # 9543)**
**FIELDS, DEHMLOW & VESSELS**
A Limited Liability Company
309 Second Street
Marietta, OH 45750
Phone:        (740) 374-5346
Facsimile:   (740) 374-5349
E-mail:       ethan@fieldsdehmlow.com

*Attorneys for Plaintiff* Nikolas David DePriest,
by and through Christina Kay Crowe, his parent and
natural guardian

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

# CIVIL CASE INFORMATION STATEMENT
# CIVIL CASES

In the Circuit Court, Wood County, West Virginia

I.      CASE STYLE:

Plaintiffs                              Case No.:  *16-C-1*

Nikolas DePriest, by and
Through Christina Kay Crowe,            Judge:
His parent and natural guardian
78525 Beach Drive
Panama City Beach, FL 32408

*220.00*

        vs.                             **SUMMONS AND
                                        COMPLAINT**

Defendants                  Days to Answer      Type of Service

E. I. DUPONT DE NEMOURS &          20          Certified Mail Service
COMPANY,                                        Return Receipt Requested
1007 North Market Street
Wilmington, DE 19898

Original and __5__ copies of Complaint furnished herewith.

**FILED IN OFFICE**
**JAN - 4 2016**
CAROLE JONES
CLERK CIRCUIT COURT

1-4-16 Su and 1 issd Sent cwtdme Restricted Del.

# FIELDS, DEHMLOW & VESSELS

A LIMITED LIABILITY COMPANY

ATTORNEYS AND COUNSELORS AT LAW

JONATHAN C. DEHMLOW
ETHAN T. VESSELS*

———————

WILLIAM A. FIELDS (RETIRED)
LESLEY H. KUHL
* NBTA CERTIFIED CIVIL TRIAL ADVOCATE

309 SECOND STREET
MARIETTA, OHIO 45750

———————

www.fieldsdehmlow.com
(740) 374-5346 phone
(740) 374-5349 facsimile

December 29, 2015

Wood County Circuit Court
Carole Jones, Clerk
2 Government Square
Suite 133
Parkersburg, WV  26101

*16-C-1*

    RE: **Civil Complaint**
       *Nikolas DePriest, et al. v. E.I. Dupont De Nemours &*
       *Company*

Dear Ms. Jones:

  I enclose for filing an original and five copies of the *Complaint* and *Civil Case Information Statement,* as well as check for the filing fees relative to the above captioned case.  Please file the original and return any remaining copies to my office in the postage prepaid envelope.

  Thank you for your assistance.

       Sincerely,

       Ethan Vessels

ETV/bg
Enclosures

FILED IN OFFICE

JAN - 4 2016

CAROLE JONES
CLERK CIRCUIT COURT